```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TYDELL TRIBBLE,

                Plaintiff,

     -v-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------------X

10 Civ. 8697 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    Plaintiff Tydell Tribble, proceeding *pro se*, brings claims against the City of New York, the New York City Department of Correction ("DOC"), the 13th Precinct of the New York City Police Department ("NYPD"), NYPD Detective King (sued as "Arresting Officer ID # 920467), and NYPD Captain Kelly, for false arrest, excessive use of force, deliberate indifference to his medical needs, and deprivation of property without due process of law. Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 32). For the reasons stated below, their motion is GRANTED.

## BACKGROUND

    The following facts are taken from the Complaint and the Amended Complaint and are assumed to be true for purposes of this motion. *See, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

    On September 20, 2005, at 1:45 a.m., Tribble was walking down the street with two friends when approximately ten plain clothes NYPD detectives drove by with their guns drawn.

(Compl. ¶ II (C) (D)).[1] Soon thereafter, in an attempt to place Tribble under arrest, an officer jumped out of the car and tackled him to the ground. (Compl. ¶ II (D)). The arresting officer (Detective King) and other officers proceeded to beat and kick Tribble. (Am. Compl. ¶ II(D)). Tribble alleges that, upon his arrest, "the cuff was extra tight" and that the officers took approximately $1,300 of his money, in cash, without providing him a receipt or voucher. (Compl. ¶¶ III, V; Am. Compl. II (D)). Tribble further alleges that, as a result of the beating, he feels constant pain and numbness in his lower back and neck and that he cannot bend or "make a full turn." (Compl. ¶ III; Am. Compl. ¶ III). After his arrest, Tribble was incarcerated at the Adolescent Reception and Detention Center on Rikers Island ("ARDC"). (Compl. ¶¶ II (A), (B)). While there, he "signed up to sick call 30 times" but was never able to see a doctor. (Compl. ¶ IV (E)). Tribble states that he complained to Captain Kelly and others about his lack of medical care, but received no satisfactory response. (Compl. ¶ IV (F)(2); Am. Compl. ¶ IV (E)(2)). Tribble was released from DOC custody on July 14, 2006. (Speight Decl. Ex. C).

Tribble filed the Complaint in this action on November 5, 2010. (Docket No. 2). After filing the Complaint, however, Tribble took no further action to prosecute his case and was unresponsive to communications from defense counsel. On June 6, 2012, after the case was reassigned to the undersigned, the Court issued an order instructing Tribble to communicate with

---

[1] Tribble makes contradictory statements regarding the date of his arrest. (*Compare* Compl. ¶¶ II(C)-(D), *with* Am. Compl. ¶ II(C)). Based on the DOC Inmate Tracking System Lookup Record — a screenshot of which is attached as Exhibit C to the Speight declaration (Docket No. 33) — the Court takes judicial notice of the dates on which Tribble was arrested and released from DOC custody. *See, e.g., Vasquez v. City of N.Y.*, No. 99 Civ. 4606 (DC), 2000 WL 869492, at *1 n.1 (S.D.N.Y. June 29, 2000) (stating that, in deciding a motion to dismiss, courts may take judicial notice of matters of public record); *see also, e.g., Williams v. City of N.Y.*, No. 07 Civ. 3764 (RJS), 2008 WL 3247813, at *2 & n.3 (S.D.N.Y. Aug. 7, 2008) (taking judicial notice of the plaintiff's incarceration based on the inmate lookup website of the New York State Department of Corrections and Community Supervision).

the *Pro Se* Office in writing with respect to whether he intended to proceed with his Complaint. (Docket No. 20). The Court explained that if Tribble did not send such a letter by July 19, 2012, the Court would dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* On July 20, 2012, counsel for Defendants submitted a letter to the Court representing that it had received no communications from Tribble. (Docket No. 27). As of July 30, 2012, the *Pro Se* Office had received no communications from Tribble either. Accordingly, the Court found that Tribble had abandoned his claims, and it dismissed the action for failure to prosecute. (Docket No. 26). After that order was filed and the case was dismissed, however, the Court received a letter from Tribble in which he indicated that he would like to proceed with his Complaint. Although his letter was a few days late, the Court nonetheless vacated its July 30, 2012 order, and reopened the case. (Docket No. 29).

Tribble filed an Amended Complaint on August 23, 2012 (Docket No. 31), alleging substantially the same claims as in the original Complaint. Liberally construed, the Amended Complaint brings claims, pursuant to Title 42, United States Code, Section 1983, under the Fourth Amendment for false arrest and excessive use of force and under the Fourteenth Amendment for deliberate indifference to his medical needs and deprivation of property without due process of law. Defendants filed their motion to dismiss on September 7, 2012. (Docket No. 32). Notwithstanding his stated intention in July 2012 to pursue his claims, Tribble has not filed any opposition to Defendants' motion.

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive a

Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

In this case, Tribble is proceeding *pro se*. Accordingly, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citations omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court is "obligated to construe a *pro se* complaint liberally"). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34 [4][a], at 12-72.7 (2005) (brackets omitted)). Indeed, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Id.* (quoting 2 Moore's Federal Practice § 12.34[1] [b], at 12-61 (brackets omitted)); *see also, e.g., Joyner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (dismissing an action because the *pro se* plaintiff "failed to allege facts tending to establish" a violation of his constitutional rights).

4

## DISCUSSION

Applying these standards here, Tribble's Amended Complaint must be dismissed for either of two reasons. First, in light of his failure to oppose Defendants' motion to dismiss, Tribble has abandoned his claims. A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *see also Robinson v. Fischer*, No. 09 Civ. 8882 (LAK) (AJP), 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (collecting cases). Here, Defendants filed their motion to dismiss on September 7, 2012. To date, however, Tribble has not opposed the motion. In light of that silence, which comes on the heels of an earlier dismissal for failure to prosecute, Tribble's claims are deemed abandoned.

Even if the Court did not deem Plaintiff's claims abandoned, however, his claims fail as a matter of law because they are untimely. In a Section 1983 case, a court looks to the law of the state in which the cause of action arose to determine the length of the statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Here, the relevant statutes of limitation are those applicable to personal injury torts. *See id.* In New York, "an action to recover damages for a personal injury" must be commenced within three years. N.Y. C.P.L.R. § 214 (2012); *see also, e.g., Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (stating that "[f]or § 1983 actions arising in New York, the statute of limitations is three years" (citing *Owens v. Okure*, 488 U.S. 235, 250-51 (1989))); *Shomo v. City of N.Y.*, 579 F.3d 176, 180 (2d Cir. 2009) (noting that the statute of limitations for deliberate indifference to medical needs is three years); *Libreros v. City of N.Y.*, 11-CV-4800 (RRM) (LB), 2012 WL 1821415, at *2 (E.D.N.Y. May 18, 2012) ("The statute of limitations for a claim of false arrest under 42 U.S.C. § 1983 arising from conduct occurring in New York is three years." (citing *Owens*, 488 U.S. at 250-51)); *Pichardo v. N.Y.*

*Police Dept.*, 98 No. Civ. 429 (DLC), 1998 WL 812049, at *7 (S.D.N.Y. Nov. 18, 1998) (noting that the statute of limitations for excessive force claims is three years).

Tribble's claims were not commenced within three years. Three of those claims — for false arrest, excessive force, and deprivation of property without due process of law — accrued on or shortly after September 20, 2005, the date on which he was arrested. *See Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily 'accrues when the plaintiff knows or has reason to know of the harm.'" (quoting *Eagleston*, 41 F.3d at 871)). Tribble does not allege when his remaining claim — for deliberate indifference to his medical needs — arose (an omission that arguably weighs in favor of dismissal in its own right, *see, e.g.*, *Watson v. Grady*, No. 09 Civ. 3055 (KMK), 2010 WL 3835047, at *12 (S.D.N.Y. Sept. 30, 2010) (stating that a plaintiff's allegations were insufficient where he failed to specify any dates or facts regarding the alleged misconduct)), but it plainly arose on or before July 14, 2006, when he was released from DOC custody. Tribble did not file his initial Complaint, however, until November 5, 2010 — more than five years after his arrest-related claims accrued and more than four years after his deliberate-indifference claim accrued. Accordingly, all his claims are time barred and must be dismissed.[2]

---

[2] Tribble's claims against Defendants DOC and the 13th Precinct of the NYPD are subject to dismissal for one additional reason: The DOC and the 13th Precinct are not suable entities. *See* N.Y.C. Charter ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); s*ee also, e.g.*, *Davis v. N.Y.C. Dep't of Corr.*, No. 10 Civ. 288 (ALC), 2012 WL 4468183, at *3 (S.D.N.Y. Sept. 25, 2012) ("[T]he overwhelming body of authority holds that DOC is not a suable entity." (quoting *Renelique v. Doe*, No. 99 Civ. 10425 (LTS) (HBP), 2003 WL 23023771, at *6 (S.D.N.Y. Dec. 29, 2003))); *Joyner-El v. Giammarella*, No. 09 Civ. 3731 (NRB), 2010 WL 1685957, at *3 (S.D.N.Y. Apr. 15, 2010) (holding that the 13th Precinct is a "non-suable entit[y]"). In addition, Tribble's claims against Captain Kelly are subject to dismissal for failure to serve.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint (Docket No. 32) is GRANTED. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to close this case.

SO ORDERED.

Dated: January 3, 2013
New York, New York

JESSE M. FURMAN
United States District Judge